Judge Cabell,
delivered the opinion of the Court.*
The evidence in the cause abundantly proves, that Samuel Cunningham was, at the time of his death, entitled to an undivided moiety of the land in the bill mentioned. As he died intestate, that moiety descended to his children and grand-children. The Court, therefore, would not hesitate to affirm the decree of the Chancellor, had proper *67 measures been taken to convene all necessary parlies. But, it is stated in the bill, that Letly, one of the daughters of the said Samuel Cunningham, had married John Grear, and had died, leaving two children, viz: Isabella and Letty, who intermarried with Gam Beatty. Yet, the bill, when it afterwards proceeds to make parties, prays process against Letty, wife of Gam Beatty, as a feme, sole, under the name of Letty Grear; and Isabella Grear, a feme sole, is made a party as the wife of Gam Beally; and the order of publication was made accordingly. There was no order of publication, whatever, as to another absent defendant, viz: Samuel Cunningham, a grand-son of the aforesaid Samuel Cunningham. The decree of the Chan-cellar, therefore, although correct in principle, upon the ease as at present exhibited, was premature, and must consequently be reversed. But, this being an appeal from an interlocutory decree, which is only allowed to prevent the payment of money or change of property, or to settle principles, and this Court being of opinion that the principles of the cause were rightly decided by the Chancellor, the appellees must recover costs, they having substantially prevailed. Had the appellant, at the hearing of the cause, brought to the view of the inferior Court, the defects in the bill and in the order of publication as aforesaid, they would, doubtless, have been there amended or supplied.
Not having done so, he shall not lie by and take advantage of them in the appellate Court, to throw on the opposite party the costs of an appeal, which the law never intended to allow for the correction of such defects.

 Judges Brooke and Carr, absent.